Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

_____ District of Connecticut

_____ Division

SCANNED at and Emailed
4/6/2023 by MT . 23 pages
date    initials    No.

Case No. _____
(to be filled in by the Clerk's Office)

Victor Velasco
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Vaughan-Williams
"see attached"
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

(Plaintiff demands a trial by jury) *All defendants sued in their individual and official capacities.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

(Continued from page 1 of 11)

Defendants:

Correctional Officer Vaughan-Williams;
Correctional Officer Losty;
Correctional Officer Hayer;
Lieutenant Palmer;
Lieutenant Ramos;
Captain D. Williams;
Warden R. Martin;
Deputy Warden Nunez;
Lieutenant Nichols;
Correctional Officer Aponte;
Disciplinary Hearing Officer Dousis; and
Correctional Counselor Dawn Crane.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Victor Velasco
All other names by which you have been known: N/A
ID Number: 213065
Current Institution: Cheshire Correctional Institution
Address: 900 Highland Avenue
Cheshire      CT      06410
City          State   Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Vaughan-Williams
Job or Title *(if known)*: Correctional Officer
Shield Number: unknown
Employer: State of Connecticut
Address: 24 Wolcott Hill Road
Weathersfield    CT      06109
City             State   Zip Code

[X] Individual capacity    [X] Official capacity

Defendant No. 2
Name: Losty
Job or Title *(if known)*: Correctional Officer
Shield Number: unknown
Employer: State of Connecticut
Address: 24 Wolcott Hill Road
Weathersfield    CT      06109
City             State   Zip Code

[X] Individual capacity    [X] Official capacity

Page 2 of 11

Defendant No. 3
  Name: Hayer
  Job or Title (if known): Correctional Officer
  Shield Number: unknown
  Employer: State of Connecticut
  Address: 24 Wolcott Hill Road
           Weathersfield    CT    06109
           City             State  Zip Code
  [x] Individual capacity   [x] Official capacity

Defendant No. 4
  Name: " see attached continuance
  Job or Title (if known): to page 1 of 11 "
  Shield Number:
  Employer:
  Address:
           City             State  Zip Code
  [x] Individual capacity   [x] Official capacity

II. **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

  [ ] Federal officials (a *Bivens* claim)

  [X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1.) Fourteenth Amendment of U.S. Constitution; and
2.) Eighth Amendment of U.S. Constitution; as well as
3.) Americans with Disabilities Act.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

"See attached"

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.
where: Corrigan Correctional Center - 986 Norwich-New London Tpke, Uncasville, CT 06382
when: April 7, 2020.
also: "See attached"

(attachment to page 4 of 11 (I., D.))

All defendants were employed by the State of Connecticut and worked for the Department of Correction. All defendants were on duty during the events brought up herein. All defendants acted under color of state law, but their actions were unjustified by state law. Defendants deviated from state law to conceal illegal acts by defendants Vaughan-Williams, Losty and Hayer, thus entering into a conspiracy of illegalities to deprive the plaintiff of all due process.

Defendants Vaughan-Williams and Losty, Martin, Nunez, Aponte and Dousis all promoted cruel and unusual punishment as well as false imprisonment in order to conceal the claims made herein and abuse of the plaintiff prisoner.

Defendant Crane was chosen as an "adviser" for the plaintiff for his disciplinary defense and openly chose to go against the plaintiff to help cover up the incident complained of herein.

C. What date and approximate time did the events giving rise to your claim(s) occur?

April 7, 2020 through

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

"see attached"

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I was assaulted.
I was illegaly strip-searched.
I was cut on my left wrist and now have a scar. Medical documented it but refused me any treatment. I was also scarred by the handcuffs which also left a distinctive scar pattern on my wrist.
The pain of the handcuffs was extreme as they cut into my wrist.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1.) I seek an injunction which allows me to file a criminal complaint with law enforcement;
2.) I seek punitive damages in excess of $100,000.00;
3.) I seek compensatory damages in excess of $100,000.00;
4.) I seek nominal damages in excess of $100,000.00;
(I seek to recover damages from each individual defendant in their individual capacity) (I seek injunctive relief against defendants in official capacity).

(Continued from page 5 of 11 (V., D.))

On April 7, 2020, at Corrigan Correctional Center, the Facility was placed on some type of Covid-19 lockdown. Plaintiff was in the protective custody unit in P-Unit, having been involuntarily removed from general population by prison officials. Correctional Officer Hayer explained to the unit's prisoners that they would be allowed a shower and hot water from the community hot pot. Plaintiff had a cellmate and both of us were the last prisoners allowed to shower. Plaintiff is physically disabled and uses a walker to get from place to place. Upon leaving the cell for the shower, defendant's Vaughan-Williams and Losty began to harrass my cell mate. Defendant Hayer came out of the controll room to intervene as Vaughan-Williams and Losty were new officers and were known to dislike my cell-mate. I came to the cell door and spoke to my cell mate not to provoke the defendants because they want to attack him physically. My cellmate, unfortunately, is mentally retarded. All prisoners had already obtained hot water. (There is no hot water in the cells).

When I came out of the shower (I shower in a handicap shower in the unit), I attempted to get hot water and was assaulted by Vaughan-Williams. She did something like a karate chop to my left wrist to keep me from getting hot water. I told her that she needs to call a supervisor because she just assaulted me. She said no. Defendant Hayer had left his post and was outside of the unit. Hayer was suposed to be supervising Vaughan-Williams and Losty. I attempted to get hot water again and Vaughan-Williams attacked me a second time. I believe that she was upset with me because I helped my cellmate avoid getting into a confrontation with her and Losty.

With the first chop to my left wrist, Vaughan-Williams cut me and that's why I asked for her to call her supervisor. Instead, she attacked me again after about a minute from the first attack and then a signal 11 (eleven) was called. Vaughan-Williams damaged my walker and shoved me against a window. It's all on camera.

When Lieutenant Palmer came to the P-Unit, Vaughan-Williams immediately got scared and went to Palmer and tried to justify her actions. She said I refused to lock up. Palmer asked her why was a signal 11 (eleven) called and she said she didn't know. Palmer told her that I assaulted her and Vaughan-Williams grew silent. All the prisoners began shouting calling him a liar. Lieutenant Ramos came into the unit and seemed visably upset at what was happenning. I said that Vaughan-Williams assaulted me and that if the unit camera's are reviewed, it will show clearly that I never touched Vaughan-Williams. Palmer then said to officers to place me into the Restrictive Housing Unit.

I was helped to the Restrictive Housing Unit by two officers as can be seen on video camera. I was stripped of all my clothes on camera and put into a segregation cell.

I was given a disciplinary report for "Flagrant disobedience". I was visited

by defendant Aponte who said he was the Disciplinary Investigator and that if I assaulted Vaughan-Williams, I was going to pay severely. He also said he would raise the offense to assault on a DoC employee. Then he left.

Aponte came back and asked me if I wanted to give him a statement and I said I want to ask for the right to defend myself and I asked for the unit video as evidence. He got mad and told me he only takes orders from his bosses and they only want a statement. I asked for an advocate and he left.

Dawn Crane came to see me after almost two weeks and said she is my advisor. She said I need to plead guilty. I told her no and she began to insult me. Then she left.

I prepared a defense, but when I went to the Disciplinary Hearing Crane told the Disciplinary Hearing Officer that I should be found guilty.

The Disciplinary Hearing Officer, defendant Dousis, refused to admit the video as

evidence and instead found my guilty based only on the reports of officers, even though the video shows that the officers were lying. Defendant Dousis sanctioned me and gave me nine days in segregation as punishment, even though I did nothing wrong.

After the hearing, I filed an appeal according to the exhaustion of administrative remedy process and never received a response. After the response time for my appeal lapsed, I received a response to my appeal, however, I noticed that the signature was not authentic. The person who was supposed to sign the appeal was on vacation and couldn't have signed the appeal. And the signature didn't match the other signature the District Administrator signed before. Either way, it stated I have exhausted my administrative remedies.

I filed an F.O.I. for the reports pertaining to the assault and only then did I realize how many state

employees falsified reports.
1.) Vaughan-Williams reported that I pushed her.
2.) Captain Donald Williams reported that "No force utilized." In the same report, Williams states "The amount of force utilized was reasonable and appropriate to the circumstances based on the situation. Inmate Velasco sustained a red mark to his left wrist."
3.) Defendant Nunez's report was redacted so that what he reported was kept secret.
4.) Palmer reported that I pushed Vaughan-Williams.
5.) On video, I requested to press criminal charges against Vaughan-Williams for assault to the Connecticut State Police and Lieutenant Ramos completely ignored my words. She omitted it from her report entirely.
6.) Losty reported that he called the signal 11 (eleven), but omitted the reason why.
7.) Lieutenant Nichols reviewed the video and knew that I was assaulted yet did not do anything. Nichols allowed the cover-up to continue.
8.) Warden Martin is the Supervisor of all defendants and reviews all incidents in his facility of Corrigan Correctional Center and this Defendant chose to cover-up this incident.

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[X] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Corrigan Correctional Center_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[X] Yes

[ ] No

[ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[X] Yes

[ ] No

[ ] Do not know

If yes, which claim(s)?

_All of them._

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[X] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[ ] No   N/A

E. If you did file a grievance:

1. Where did you file the grievance?

Corrigan Correctional Center

2. What did you claim in your grievance?

That I was assaulted without reason and injured and that I was Falsely punished to cover up the fact.

3. What was the result, if any?

I was denied

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I appealed to the district administrator. I'm not sure the District Administrator was the person who reviewed my appeal.

Case 3:23-cv-00419-AWT   Document 1   Filed 04/06/23   Page 16 of 19

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   Because I was given a disciplinary report to cover up the assault on me, policy only permits me to appeal the decision of the disciplinary hearing officer.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   All notices are documented. I make copies of everything.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   I exhausted my remedies.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   N/A.
   Defendant(s)

2. Court *(if federal court, name the district; if state court, name the county and State)*
   N/A

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   N/A

6. Is the case still pending?
   ☐ Yes    N/A
   ☐ No

   If no, give the approximate date of disposition.   N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?
   Yes

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _Velasco_
   Defendant(s) _Rodriguez_

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _Connecticut_

3. Docket or index number
   _Don't recall_

4. Name of Judge assigned to your case
   _None that I recall_

5. Approximate date of filing lawsuit
   _1998 I think._

6. Is the case still pending?
   ☐ Yes
   ☒ No

   If no, give the approximate date of disposition _Don't recall_

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _withdrawn (out of court settlement)_

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 5, 2023

Signature of Plaintiff: *(signed)*
Printed Name of Plaintiff: Victor J. Velasco
Prison Identification #: 213065
Prison Address: 900 Highland Avenue, Cheshire, CT 06410

B. **For Attorneys**

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
Telephone Number: _____
E-mail Address: _____